MARTHA B. KIDDER *vs.* INHABITANTS OF DUNSTABLE.

In an action against a town for injuries sustained from a defect in a highway, evidence that other persons than the plaintiff passed and repassed the place in safety is inadmissible for the town.

Evidence that a highway was in the usual condition of other country roads is inadmissible in defence of an action against a town for damages from a defect therein.

Driving a sleigh without the bells required by the Rev. Sts. *c.* 51, §§ 2, 3, does not make the driver liable, nor exempt the town from liability, for injuries caused by collision with his sleigh upon a defective highway, unless his neglect contributes in some degree to the accident.

ACTION OF TORT for injuries sustained by reason of a defect in a highway in Dunstable. Trial before *Bigelow*, J., who made the following report thereof:

The evidence introduced by the plaintiff tended to show that on the evening of the 31st of January 1854 she was driving in a sleigh with Charles Danforth over the highway in question, and in descending a hill, where the snow had drifted deeply in a storm some time previous, met a horse and sled driven by Ward Coburn; that Danforth turned to the right as far as he could, so that one runner was upon the bank of snow upon the

side of the travelled path, and Coburn turned to his right so as to bring one runner of his sled upon the opposite snow bank; that Danforth's sleigh was struck by the stakes in Coburn's sled, and overturned, and the plaintiff injured.

There was conflicting evidence upon the question whether the road had been broken out for more than one track, so that teams could pass each other with safety. The judge declined to allow the defendants to put to a witness these questions: " Did you see other teams and sleighs pass and repass at the place of the accident in safety or without difficulty?" "Was the road broken out in the usual manner of other country roads?"

There was evidence that Coburn had no bells upon the harness of his horse when he met the plaintiff; and the defendants contended that if he had no bells on his harness as required by law, he was liable for all the damages sustained by the plaintiff, and the defendants could not be held liable therefor. But the judge instructed the jury that " if they found that Coburn had no bells on his harness as required by law, and that the absence of such bells contributed in any degree to produce the collision and accident which caused injury to the plaintiff, the plaintiff could not recover in this action; but if the absence of the bells did not at all contribute to produce the accident, and it would have happened in the same way if Coburn had had bells on his harness, as required by law, the plaintiff might recover, if she proved the other facts which were necessary to entitle her to a verdict." The jury found a verdict for the plaintiff.

*T. Wentworth*, for the defendants. 1. The defendants should have been allowed to prove that other sleighs passed and repassed each other at the place of the accident without difficulty, as tending to prove both that the road was not really defective, and that Danforth was not in the exercise of ordinary care.

2. For like reasons evidence should have been admitted that the road was in the usual condition of country roads. *Fitz v. Boston*, 4 Cush. 365.

3. The town is not liable if Coburn was travelling without bells. The statute expressly makes him liable, and he would have been liable if the statute had not so declared. Rev. Sts

*c.* 51, § 3. 1 Kent Com. (6th ed.) 467, & note. 4 Bl. Com. 6, 7. The town is not liable if Coburn's unlawful act contributed to the accident. His offence was *ipso facto* carelessness, and but for that carelessness Danforth would have passed in safety. 4 Bl. Com. 166. *Bosworth* v. *Swansey,* 10 Met. 363. *Stetson* v. *Faxon,* 19 Pick. 147. *Holman* v. *Townshend,* 13 Met. 297. *Tisdale* v. *Norton,* 8 Met. 388. *Marble* v. *Worcester,* 4 Gray, 395. *Kidder* v. *Dunstable,* 7 Gray, 104. The statute does not make Coburn liable for damages happening in consequence of not having bells, nor if the want of bells caused the accident; but " for all damages sustained by reason of such offence," namely, travelling without bells. The jury should have been instructed that if Coburn was travelling without bells, he was guilty of an offence, and therefore liable to the plaintiff for all damage sustained by reason of such offence. *Commonwealth* v. *Allen,* 11 Met. 403.

*B. F. Butler & D. S. Richardson,* for the plaintiff.

METCALF, J. 1. In an action for injury sustained in a highway, by reason of an alleged defect therein, evidence is not admissible, either that a person, not a party to the action, has received an injury at the same place, or has safely passed over it. These points have been adjudged and cannot now be considered open. *Collins* v. *Dorchester,* 6 Cush. 396. *Aldrich* v. *Pelham,* 1 Gray, 510.

2. The judge rightly refused to admit testimony on the question whether the road was broken out in the usual manner of other country roads. The Rev. Sts. *c.* 25, § 3, require that when a way is incumbered with snow, the same shall be removed or so trodden down as to make the way safe and convenient; and a jury are to decide whether it is safe and convenient, by evidence of its actual condition, and not by comparing it with the condition of other ways.

3. By the Rev. Sts. *c.* 51, §§ 2, 3, Coburn, if he had no bells on his harness, was guilty of an offence, for which he was liable to the forfeiture of a sum not exceeding twenty dollars, and was " further liable to any party for all damages sustained by reason of such offence." The judge instructed the jury, according

to the decision of the court, when this case was formerly be-fore us, (7 Gray, 104,) that if the plaintiff's injury was, in any degree, caused by Coburn's neglect, she could not recover. The jury therefore have found, by their verdict, that the ab-sence of bells on Coburn's harness did not contribute, in any degree, to the collision and accident which caused injury to the plaintiff. *Judgment on the verdict*